UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDY ZARAGOZA,<br><br>                    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>                    Defendant. | Case No. 16-cv-00628-BAS-WVG<br><br>**ORDER ON MOTIONS FOR ATTORNEY FEES UNDER EAJA AND REQUEST FOR ENTRY OF JUDGMENT**<br><br>**[ECF Nos. 19, 21]** |

      Presently before the Court is the parties' joint motion for entry of judgment and two motions requesting an award to Plaintiff of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A). (ECF Nos. 19, 21.)

**I.    BACKGROUND**

      In this case, Plaintiff Fredy Zaragoza sought judicial review of a final decision by the Acting Commissioner of Social Security ("Commissioner") denying his application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401–433 (2012). (ECF No. 1.) On July 12, 2017, this Court issued an opinion granting in part Plaintiff's motion for summary judgment and denying the Defendants' cross-motion for summary judgment. (ECF No. 18.) The Court remanded the case to the Commissioner for further proceedings pursuant to

– 1 –

sentence four of 42 U.S.C. §405(g). (*Id.*)

On August 8, 2017, the parties filed a joint motion for attorney fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d)(1)(A), requesting that the Court award to Plaintiff of $4,000.00 in attorney fees and expenses. (ECF No. 19.) A second joint motion followed on August 17, 2017, requesting an entry of the remand order on a separate document under Rule 58 and reiterating the original request for an award to Plaintiff of $4,000.00 in attorney fees and expenses pursuant to the EAJA. (ECF No. 21.)

## II. DISCUSSION

Although the parties previously moved to request an award to Plaintiff of attorney fees pursuant to the EAJA (ECF No. 19), the parties contend that the earlier motion was premature. They claim that the time for filing their joint motion to award Plaintiff attorney fees and expenses pursuant to the EAJA was never triggered because this Court's remand order was not entered on the docket in a separate document pursuant to Rule 58. (ECF No. 21 at 1); *see* also Fed. R. Civ. P. 58. Without the entry of the remand order on a separate document *nunc pro tunc* to July 12, 2017, the parties argue that the time for Plaintiff to move for an award of attorney fees would not start until February 7, 2018. (ECF No. 21 at 5.)

Under the EAJA, a court may award a "prevailing party" expenses and fees incurred in certain civil actions against the United States. *See* 28 U.S.C. §2412(d). The party must submit to the Court an application for fees and expenses within thirty days of final judgment. *See* 28 U.S.C. §2412(d)(1)(B). A final judgment means a judgment that is not appealable, and includes an order of settlement. *See* 28 U.S.C. §2412(d)(2)(G). For the purposes of the EAJA, a district court judgment does not become final until the time for filing an appeal with the Court of Appeals has expired. *Id.*; *Shalala v. Schaefer*, 509 U.S. 292, 301−302 (1993).

Federal Rule of Appellate Procedure 4 in turn provides that in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after

– 2 –

16cv628

"entry of judgment," and that a judgment is considered entered for purposes of the Rule only if it has been "entered in compliance with Rule 58 of the Federal Rules of Civil Procedure." *See Shalala*, 509 U.S. at 302; *see also* Fed. R. App. P. 4(a)(1), (7). Under Rule 58, where a judgment must be set out in a separate document but is not, the judgment is not entered until it has both (1) been entered in the civil docket under Rule 79(a) and (2) the earlier of two events has occurred, *i.e.*, it is set out in a separate document or 150 days have run from its entry in the civil docket. Fed. R. Civ. P. 58(c). As the parties recognize, there is no question that this Court's remand order is final judgment required to be set out in a separate document under Rule 58. *See Shalala v. Schaefer*, 509 U.S. at 303 ("Since the District Court's April 4 remand order was a final judgment, a 'separate document' of judgment should have been entered."). This requirement has not yet been satisfied. Where a remand order is not set out in a separate document, the 30-day period for applying for EAJA attorney fees never begins to run. *Yang v. Shalala*, 22 F.3d 213 (9th Cir. 1994).

In this case, because the remand order was not set out in a separate document, the Court's remand order would not be "entered" for the purposes of Rule 58 until December 9, 2017, 150 days from the date of the Court's remand order, *or* until the Court has entered the judgment in a separate document. The parties argue that the Plaintiff would have to wait until February 7, 2018 – after 150 days have lapsed for the judgment to become effective under Rule 58 and 60 days after the time for the government to appeal has lapsed – before they can move for an award to Plaintiff of attorney fees and expenses under the EAJA. To escape this result, the parties request that the Court enter a "separate judgment, *nunc pro tunc*" with a date of July 12, 2017. The parties argue that doing so would make their second joint motion for an award to Plaintiff of attorney fees and expenses "timely." They point to no authority in which a court has issued such a *nunc pro tunc* order for the purposes of retroactively triggering the EAJA's timing requirements to award attorney fees and expenses.

It is true that when a judgment is not properly entered, a court may issue a *nunc*

– 3 –

*pro tunc* judgment retroactive to the date of the original order. *See In re Mgndichian*, 312 F. Supp. 2d 1250, 1258 n.5 (C.D. Cal. 2003). However, "[t]he power to amend *nunc pro tunc* is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice. It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose." *Id.* (quoting *United States v. Sumner*, 226 F.3d 1005, 1009−10 (9th Cir. 2000)). Here, the entry of the *nunc pro tunc* judgment on the remand order is intended to backdate an event to serve some other purpose – to allow the Plaintiff to be awarded attorney fees and expenses under the EAJA now as opposed to within a few months – rather than to correct a mere clerical mistake.

The problem the Court has with the parties' request is that each of the rules on which the parties' motion relies is clear as to the proper sequence of events. The parties themselves recognize the clarity of the rules and prematurity of their initial joint motion for attorney fees, but nevertheless ask this Court to create an exception to how the EAJA, Federal Rule of Appellate Procedure 4, and Rule 58 interact through the issuance of *nunc pro tunc* judgment. Complying with these rules might seem like a mere formality, but it is not without meaning. By defining "final judgment" to mean "not appealable," the EAJA itself contemplates that an award of attorney fees will not occur while a judgment remains appealable. The remand order in this case remains appealable. Thus, this parties' request is one to alter the substance of what has actually happened. The Court declines to make such an alteration.

Although the parties contend that without the issuance of a *nunc pro tunc* judgment they would have to wait until February 7, 2018 before they could request that the Court award Plaintiff attorney fees and expenses under the EAJA, this is simply not the case. Under Rule 58, the Court has the authority to enter the remand order in a separate document upon the request of a party. Fed. R. Civ. P. 58(d). The Court will therefore construe the parties' joint motion (ECF No. 21) as a request to

– 4 –

enter the remand order in a separate document and will grant that request. After 60 days from the entry of the remand order in a separate document on the civil docket, the remand order will be no longer appealable and the parties may then move for an award to Plaintiff of attorney fees under the EAJA.

## III. CONCLUSION & ORDER

In light of the foregoing, the Court **HEREBY ORDERS** the Clerk of the Court to enter a Clerk's Judgment on the civil docket for the purposes of setting out the Court's earlier remand order (ECF No. 18) as a separate document pursuant to Rule 58. The Clerk's Judgment shall be dated as of the date of this order.

The Court **DENIES WITHOUT PREJUDICE** the parties' two motions for an award of attorney fees and expenses under the EAJA to Plaintiff as premature. (ECF No. 19, 21.) **The parties may move for an award to Plaintiff of attorney fees and expenses under the EAJA on December 25, 2017 or thereafter.** Failure to move for an award **by January 23, 2018** will prevent this Court from granting an award to Plaintiff of attorney fees and expenses under the EAJA.

**IT IS SO ORDERED**.

**DATED: October 24, 2017**

Hon. Cynthia Bashant
United States District Judge